UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REILAN URDANETA-ORTEGA,

Plaintiff,

v.

KRISTI NOEM et al.,

Respondents.

No.  2:26-cv-01290-DAD-CKD

ORDER GRANTING PETITION FOR WRIT OF *HABEAS CORPUS*, GRANTING PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS*, AND DENYING PETITIONER'S MOTION TO APPOINT COUNSEL AS MOOT

(Doc. Nos. 1, 2, 3)

On April 2, 2026, petitioner, proceeding *pro se*, filed a petition for writ of *habeas corpus*, motion to proceed *in forma pauperis*,[1] and a motion to appoint counsel.  (Doc. Nos. 1, 2, 3.)  On April 6, 2026, the court issued an order indicating that the court would construe the *pro se* petition as including a motion for temporary restraining order and directed respondents to file an opposition in which they would indicate whether this case is substantively distinguishable from the situation addressed by the undersigned's prior order in *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025) and also indicate whether Respondents would oppose the court ruling on the merits of the underlying petition based upon

---

[1]  Petitioner's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2) and is granted.

1

the briefing currently before it.  (Doc. No. 6.)  On the same day, respondents filed their opposition.  (Doc. No. 7.)

Therein, respondents have indicated that they do not oppose the court ruling on the merits of the underlying petition based on the current briefing.  (*Id.* at 2.)  Respondents do argue that the requested relief should be denied because petitioner is an applicant for admission subject to mandatory detention pursuant to 8 U.S.C. § 1225(b), an argument that the undersigned has previously rejected on several occasions.  *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026).  Respondents also argue that this case is distinguishable from *Ayala Cajina* because petitioner here has "pending serious criminal charges" against him which should result in a finding that his detention does not violate due process.  (*Id.* at 2, 4.)

In his *pro se* petition, petitioner alleges as follows.  Petitioner is a native and citizen of Venezuela.  (Doc. No. 1 at ¶ 29.)  He entered the United States in August 2022, turning himself in to immigration authorities and ultimately being released by those authorities into this country after a brief detention.  (*Id.* at ¶¶ 1–2.)  On February 20, 2026, petitioner was re-detained by Immigration and Customs Enforcement ("ICE") officials while he was exiting the Salt Lake County District Court courthouse.  (Doc. No. 7 at 8.)

In the present case, there is no indication that petitioner was provided notice, an explanation, or a hearing before a neutral adjudicator before he was re-detained by immigration officials.  Respondents have also failed to either provide any documentation indicating that petitioner was re-detained because of the criminal charges pending against him in Utah state court stemming from his January 2024 arrest.  Nor do respondents offer any meaningful argument that the pendency of criminal charges against petitioner in Utah state court compels a different conclusion than that reached by this court in *Ayala Cajina*.  Having considered the circumstances surrounding petitioner's re-detention and the parties' arguments, the court concludes that *Ayala Cajina* is instructive and persuasive in the present case, incorporates the reasoning set forth in the

/////

/////

2

*Ayala* decision here, and concludes that petitioner's February 20, 2026 re-detention violates due process.[2]

For the reasons explained above:

1.    Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:

    a.    Respondents are ORDERED to immediately release petitioner, A-number 243-014-267, from respondents' custody under the same conditions, if any, he was subject to prior to his re-detention on or about February 20, 2026;

    b.    Respondents are ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without written notice and a hearing before an immigration judge where respondents will have the burden of establishing that petitioner is either a flight risk or danger to the community by clear and convincing evidence;

2.    Petitioner's motion to proceed *in forma pauperis*, (Doc. No. 2) is GRANTED;

3.    Petitioner's motion to appoint counsel (Doc. No. 3) is DENIED as having been rendered moot by this order;

4.    The Clerk of the Court is directed to serve the Golden State Annex Detention Facility with a copy of this order; and

5.    The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated:    **April 7, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

---

[2] The petitioner in *Ayala Cajina* had misdemeanor criminal charges pending against him in state court for driving under the influence of alcohol and driving without a license, but ICE made intervening determinations that he should remain out of custody and thus those pending charges did not constitute a change in circumstances justifying his re-detention. 2025 WL 3251083, at *2, 4. Respondent has not shown that petitioner's pending criminal charges distinguish this case from *Ayala Cajina*, especially in light of the fact that there is no indication that petitioner was re-detained by immigration authorities because of the pendency of those charges.

3